■ Jane Mueller, Appellant, v County of Westchester et al., Respondents, et al., Defendant. [709 NYS2d 411] —In an action, *inter alia*, to recover damages for wrongful death, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Scancarelli, J.), entered April 15, 1999, which granted the separate motions of the defendant County of Westchester and the defendants City of Yonkers and Empress Ambulance Service, Inc., for summary judgment dismissing the complaint insofar as asserted against them, and (2), as limited by her brief, from so much of an order of the same court, dated August 23, 1999, as, upon the granting of that branch of her motion which was for reargument, adhered to the prior determination.

Ordered that the appeal from the order dated April 15, 1999, is dismissed, as that order was superseded by the order dated August 23, 1999, made upon reargument; and it is further,

Ordered that the order dated August 23, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The proof submitted by the respondents, which included the

affidavits of two physicians who examined the medical records relevant to this incident, established that the plaintiff's decedent died shortly after he was struck by a hit-and-run driver, and that the aid rendered to him in the park by the respondents' employees was appropriate. The burden therefore shifted to the plaintiff to show the existence of a triable issue of fact. Since the plaintiff failed to make such a showing, the complaint was properly dismissed insofar as asserted against the respondents (*see generally, Alvarez v Prospect Hosp.,* 68 NY2d 320). Joy, J. P., Florio, H. Miller and Smith, JJ., concur.